MICHIGAN MUTUAL INSURANCE COMPANY *v.* IRWIN

1. INSURANCE—AUTOMOBILES—POLICY COVERAGE—"OWNED AUTO-MOBILE"—STIPULATIONS.

A stipulation that an automobile is not an "owned automobile" as that term is used in an insurance policy excluding owned automobiles not named in the policy from coverage, executed by all parties to a suit for declaratory judgment to determine whether the automobile is covered by the policy binds the parties even though it appears likely that in fact the automobile was such an "owned automobile".

2. APPEAL AND ERROR—INSURANCE—AUTOMOBILES—POLICY COVERAGE—FINDINGS OF FACT.

A finding that an automobile was a "temporary substitute automobile" provided coverage under an insurance policy is a finding of fact which shall not be overturned on appeal unless clearly erroneous (GCR 1963, 517.1).

Appeals from Oakland, Frederick C. Ziem, J. Submitted Division 2 October 8, 1971, at Lansing. (Docket Nos. 10535, 10536.) Decided December 7, 1971. Leave to appeal denied, 387 Mich 764.

Complaint by Michigan Mutual Insurance Company against Willie A. Irwin and Larry B. Irwin,

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Stipulations § 9 *et seq.*
[2] 7 Am Jur 2d, Automobile Insurance § 103 *et seq.*

State Farm Mutual Automobile Insurance Company, and Mildred Linebaugh, Administratrix of the estate of Russell Linebaugh, for a declaratory judgment that an insurance policy did not provide coverage for an automobile accident. Judgment for defendants Irwin. Plaintiff and defendant Mildred Linebaugh appeal. Affirmed.

*Johnson, Campbell & Moesta,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *George W. Tobias,* Special Assistant Attorney General, for defendants Irwin.

*Traeger & Wells,* for defendant State Farm Mutual Automobile Insurance Company.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendant Linebaugh.

Before: QUINN, P. J., and DANHOF and TARGONSKI,* JJ.

DANHOF, J.   The plaintiff brought this action seeking a declaratory judgment that an insurance policy did not provide coverage. The trial court held that there was coverage and we affirm.

The policy covered 2 automobiles owned by the defendant Willie A. Irwin, a 1962 Rambler and a 1964 Rambler. In mid-October of 1966 Willie Irwin bought a 1954 Pontiac and towed it to his home. The title to the 1954 Pontiac was endorsed in blank;

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

however, Irwin took no further steps to have the title placed in his name.

The principal witness at the trial was the defendant, Willie Irwin, whose testimony we summarize as follows: The Pontiac was purchased for its salvage value and to obtain its tires. Both the Ramblers became inoperable and a mechanic informed him that it would take a week or 10 days to repair one of the Ramblers. He decided to investigate the possibility of using the Pontiac to go back and forth to work. On December 12, 1966, the defendant and his son started the car with a booster and the son attempted to drive the car to a service station for repairs. The accident giving rise to this litigation took place while the car was being driven to the service station. On a previous occasion the car had been towed to the service station to have the brakes worked on.

The plaintiff's first contention is that the Pontiac was owned by the defendant and thus falls within a clause excluding coverage for "owned automobiles" which are not named in the policy. In the trial court all parties stipulated that the Pontiac was not an "owned automobile" as that term is used in the policy. The case was tried on this assumption and, although it appears likely that the fact is directly contrary to the stipulation, we believe that the parties are bound by the stipulation.

The trial court held that there was coverage because the Pontiac was a "temporary substitute automobile". The policy defines "temporary substitute automobile" as

"any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from

normal use because of its breakdown, repair, servicing, loss or destruction."

Since it has been stipulated that the Pontiac was not an owned automobile the only question presented is whether the Pontiac was temporarily pressed into service as a substitute for one of the Ramblers. Willie Irwin testified that this was the situation and the trial court so found. We cannot say that this finding is clearly erroneous. GCR 1963, 517.1.

Affirmed, costs to the defendant.

All concurred.